UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-22101-BLOOM/Elfenbein

CATHERINE LAWING,

    Plaintiff,

v.

CARNIVAL CORPORATION,
*d/b/a* Carnival Cruise Line,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's Motion to Dismiss ("Motion"), ECF No. [8]. Plaintiff Catherine Lawing filed a Response in Opposition, ("Response"), ECF No. [17], to which Defendant filed a Reply, ECF No. [20]. The Court has reviewed the Motion, the supporting and opposing submissions, the record in the case, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is granted.

**I.   BACKGROUND**

According to the Complaint, Plaintiff was a fare-paying passenger onboard a cruise on Defendant's vessel, *Carnival Breeze*, which was in navigable waters. ECF No. [1] at ¶ 14. On June 3, 2023, at approximately 4:30 p.m., Plaintiff slipped and fell due to a wet and slippery floor in the Lido Deck Marketplace ("Lido Marketplace"). *Id.* at ¶ 15. At the time Plaintiff slipped and fell, there was a liquid on the floor which created a dangerous condition that caused her to slip and fall. *Id.* at ¶ 17. Plaintiff did not see the liquid on the floor until after her slip and fall. *Id.* at ¶ 18. There were no warning signs on or near the wet area, nor was the area blocked off or restricted. *Id.* at ¶ 20-21. Immediately after the incident, Plaintiff observed a crew member employee with a mop

near the area she slipped and fell. *Id.* at ¶ 23. There was no warning sign near the crew member with the mop and the crew member was not holding any warning sign. *Id.* at ¶ 24. The liquid on the floor created a slip hazard. *Id.* at ¶ 25. There have been multiple prior slip and falls due to wet floors in the Lido Marketplace on the subject cruise ship as well as other Carnival cruise ships. *Id.* at ¶ 30.

As a result of the slip and fall, Plaintiff suffered an injury to her right wrist. *Id.* at ¶ 31. Plaintiff continues to suffer pain, limitations, weakness, and other issues arising from the injuries she suffered aboard the *Carnival Breeze*. *Id.* at ¶ 40.

Plaintiff alleges that Defendant knew or should have known about the dangerous condition posed by the wet floor because Defendant had in place policies and procedures regarding clean and dry walking surfaces on its vessels, the placement of warning signs (wet floor signs) in wet areas, and the placement of blocking off and/or restricting passenger access to areas with a dangerous condition, including wet areas. *Id.* at ¶¶ 44-46. Further, Plaintiff alleges that Defendant knew or should have known about the dangerous condition posed by the wet floor because prior to Plaintiff's incident other passengers and crew have slipped and fell due to wet floors and other wet areas on its ships, and Defendant selected, approved, installed, and maintained the floor. *Id.* at ¶¶ 47-48.

The Complaint asserts two Counts: (I) Negligence (Vicarious Liability for the Acts and Omissions of Defendant's Crew Members/Employees); and (II) Negligence (Direct Negligence of Defendant).

Defendant moves to dismiss the Complaint on three bases: (1) Plaintiff's Complaint is a shotgun pleading; (2) Plaintiff improperly comingles her direct negligence and vicarious liability

claims and allegations; and (3) Plaintiff fails to properly plead Defendant's actual or constructive notice. ECF No. [8].

Plaintiff responds that the Complaint is not a shotgun pleading and adequately provides Defendant with notice of the claims against it and the grounds upon which each claim rests. ECF No. [17] at 3-6. Further, Plaintiff contends that Defendant's comingling argument is without merit. *Id.* at 6. Finally, Plaintiff argues that notice has been properly pled and requests leave to amend should the Court grant Defendant's motion. *Id.* at 6-8.

Defendant replies that Plaintiff's attempt to plead multiple theories of liability within a general negligence claim is a clear example of a shotgun pleading. *Id.* at 3. Defendant further contends that Plaintiff improperly pleads vicarious liability. *Id.* at 4-5. Finally, Defendant argues that Plaintiff arguments for the establishment of actual or constructive notice are vague, conclusory, and lack sufficient factual support. *Id.* at 6.

## II. LEGAL STANDARD

### A. Failure to State a Claim

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "A facially plausible claim must allege facts that are more than merely possible. . . . But if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the

speculative level." *Twombly*, 550 U.S. at 555. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

Further, "[o]n a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez–Arriola v. White Wilson Med. Ctr. PA*, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)); *see also Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir. 2007) ("We are required to accept the facts as set forth in the plaintiff's complaint as true, and our consideration is limited to those facts contained in the pleadings and attached exhibits.").

### B. Shotgun Pleading

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). In *Weiland*, the Eleventh Circuit identified four common types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts," (2) a complaint guilty of "being replete with conclusory, vague, and immaterial facts," (3) a complaint that commits the sin of "not separating into a different count each cause of action or claim for relief," and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321-23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

"[N]otice is the touchstone of the Eleventh Circuit's shotgun pleading framework." *Doe v. Carnival Corp.*, 470 F. Supp. 3d 1317, 1323 (S.D. Fla. 2020) (quoting *Cont'l 332 Fund, LLC v.*

*Albertelli*, 317 F. Supp. 3d 1124, 1139 (M.D. Fla. 2018)). "The key inquiry is whether the 'failure to more precisely parcel out and identify the facts relevant to each claim materially increase[s] the burden of understanding the factual allegations underlying each count.'" *Id.* (quoting *Weiland*, 792 F.3d at 1324).

### C. Negligence

To plead negligence, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a specific injury; (2) the defendant breached that duty; (3) the breach was the actual and proximate cause of plaintiff's injury; and (4) the plaintiff suffered harm. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). In the maritime context,[1] "a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew." *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959); *see also Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989) ("[T]he benchmark against which a shipowner's behavior must be measured is ordinary reasonable care under the circumstances, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition[.]").

### D. Futility of Amendment

Rule 15 of the Federal Rules of Civil Procedure directs that before trial, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be "freely given" absent a showing of "futility of amendment." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

---

[1] In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011).

When an amended complaint would still be "properly dismissed or be immediately subject to summary judgment for the defendant," a district court could determine that leave to amend the complaint is futile. *Rivas v. Bank of N.Y. Mellon*, 777 F. App'x 958, 965 (11th Cir. 2019) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

### III. DISCUSSION

#### A. Shotgun Pleading

Defendant seeks to dismiss Plaintiff's Complaint as a shotgun pleading because Count II fails to separate each cause of action into separate claims for relief, the Complaint contains allegations that are not obviously connected to any particular action, and the Complaint comingles theories of direct and vicarious liability. ECF No. [8] at 4-8. Plaintiff responds that the presence of some additional allegations does not render the Complaint a shotgun pleading. ECF No. [17] at 3-5. Further, Plaintiff contends that her allegations of negligent failure to warn, negligent failure to maintain, and medical negligence all properly fall within the negligence count and are not required to be pled in separate counts. *Id.* at 5-6. Defendant replies that each theory of liability containing distinct elements must be pled separately. ECF No. [20] at 2-4. Indeed, for the reasons detailed below, the Complaint is a shotgun pleading.

##### a. Failure to separate each cause of action

Defendant compares Plaintiff's direct negligence claim, Count II of the Complaint, to *Waldstein v. Virgin Cruises Intermediate Ltd.*, 2023 WL 6462611 (S.D. Fla. Oct. 4, 2023), where the court held that the plaintiff improperly attempted to fit distinct theories of liability into a single "negligence" count. 2023 WL 6462611, at *1. There, the complaint alleged one count of negligence. *Id.* Within the one count, though, the plaintiff alleged twelve ways that the defendant breached four duties to the plaintiff. *Id.* The court concluded that each distinct theory "is a separate cause of action that must be asserted independently and with corresponding supporting factual

allegations." *Id.*; *see Van Deventer v. NCL Corp. Ltd.*, 2024 WL 836796, at *4-6 (S.D. Fla. Feb. 28, 2024) (dismissing cause of action where the plaintiff pled several causes of action within one count).

Plaintiff claims that *Waldstein* is inapplicable because the plaintiff in *Waldstein* comingled direct and vicarious liability, whereas here, Plaintiff pleads direct liability separately. However, while Plaintiff "may allege a list of failures, i.e., different breaches of the same duty, within the same general negligence claim," it is improper to fit distinct theories of liability into a single count. *Anders v. Carnival Corp.*, 2023 WL 4252426, at *4 (S.D. Fla. June 29, 2023). In Count II, Plaintiff alleges that Defendant owed a duty to provide Plaintiff with reasonable care under the circumstances, as well as a duty to warn Plaintiff of all dangers it knew or should have known. *Id.* at ¶ 57. Plaintiff then proceeds to detail thirteen ways in which Defendant breached its duties. *Id.* at ¶ 58. Defendant's alleged breaches include direct liability by "[a]llowing liquid or other slippery substances to fall on the floor in that area," "[f]ailing to train or sufficiently train ship's crew," "[f]ailure to warn or adequately warn the Plaintiff that the floor was wet and/or slippery," "[f]ailing to properly maintain the area in a safe and reasonable manner," and "[f]ailing to prove proper medical care for Plaintiff's injuries." *Id.* at ¶ 58a, f, h, j, and m. However, within Plaintiff's claim of general negligence, Plaintiff alleges separate claims of negligent training, failure to warn, failure to maintain the area, and failure to promulgate policies and procedures. ECF No. [1] at ¶ 58.

This form of pleading is improper. *See Van Deventer*, 2024 WL 836796, at 4-6 ("[N]estling a negligent training claim within a general negligence claim renders that claim an impermissible shotgun pleading[.]" (citing *Anders*, 2023 WL 4252426, at *4))); *Waldstein*, 2024 WL 6462611, at *1 ("[The plaintiff] attempts to fit multiple distinct theories of liability into the single "negligence" count. Each distinct theory, however, is a separate cause of action that must be

7

asserted independently and with corresponding supporting factual allegations." (internal citations omitted)). Accordingly, the Court agrees that Count II fails to separate distinct causes of action and must be dismissed as a shotgun pleading.

### b. Complaint replete with facts not obviously connected to any particular cause of action

Defendant contends that the majority of Plaintiff's allegations are not obviously connected to a particular cause of action. ECF No. [8] at 6. Plaintiff responds that the presence of some additional allegations does not render the Complaint a shotgun pleading. ECF No. [17] at 5-6.

While Plaintiff may be correct in certain circumstances, *both* claims for vicarious liability and direct negligence contain elements that support separate causes of action. For example, allegations intended to support a negligent failure to warn claim are asserted in both claims for vicarious liability and direct negligence. ECF No. 1 at ¶ 20 ("There were no warning signs on or near the wet area to inform Plaintiff of the wet floor."); *Id.* at ¶¶ 50, 56 (incorporating ¶ 20); *see also id.* at ¶ 53e (alleging that defendant, through its employees, breached its duty of reasonable care by "[f]ailing to warn Plaintiff about the possible slip hazard posed by the liquid on the floor, through signage or otherwise"); *Id.* at ¶ 58h (alleging that defendant breached its duty of reasonable care by "[f]ailing to warn or adequately warn the Plaintiff that the floor was wet and/or slippery"). Negligent failure to warn, however, is a distinct cause of action with different elements requiring different findings. *See Pride v. Carnival Corp.*, 2023 WL 6907813, at *4 (S.D. Fla. Oct. 19, 2023) ("Negligent failure to warn 'sounds in negligence but is a separate cause of action with distinct elements.' . . . To state a claim for negligent failure to warn, Plaintiff must allege: (1) that Defendant knew of the allegedly dangerous conditions; and (2) that the condition was not open and obvious." (quoting *Anders*, 2023 WL 4252426, at *4)).

Plaintiff relies on the Eleventh Circuit's analysis in *Dressler v. Equifax, Inc.*, 805 F. App'x 968, 972 (11th Cir. 2020), where the court concluded a complaint was not a shotgun pleading, and "[w]hile not at all times a model of clarity, it is reasonably concise, alleges concrete actions and omissions undertaken by specific defendants, and clarifies which defendants are responsible for those alleged acts or omissions." Here, however, Plaintiff does *not* allege a separate, nor concrete, claim for negligent failure to warn. Instead, nestled within her claims for vicarious liability and direct negligence, Plaintiff inserts a failure to warn. Plaintiff must allege each distinct cause of action separately. Further, nestling claims in this manner violates Rule 8, as it forces Defendant to speculate whether Plaintiff is alleging a claim for negligent failure to warn, general negligence, or vicarious liability. *See Pride,* 2023 WL 6907813, at *4 ("Nestling claims in this manner amounts to a shotgun pleading.").

### c. Comingling theories of direct negligence and vicarious liability

"Pleading a direct negligence claim together with a vicarious liability claim . . . is improper, confusing and violates Rule 10(b)." *Wohlford v. Carnival Corp.*, 2017 WL 7731225, at *3 (S.D. Fla. May 11, 2017). Defendant argues that Plaintiff pleads theories of vicarious and direct liability negligence simultaneously throughout the Complaint. ECF No. [8] at 7-8. Plaintiff acknowledges that many of the factual allegations are incorporated into both the vicarious and direct liability claims but argues that many of the allegations apply to both. ECF No. [17] at 6.

Defendant compares this case to *Wohlford*, where the court held that within one count for negligence, the plaintiff improperly alleged facts supporting claims for direct negligence and vicarious liability. 2017 WL 7731225, at *3. In particular, the plaintiff alleged that the defendant failed to take reasonable care in preventing a stomach illness by failing to maintain the vessel and warn of any dangerous conditions pertaining to food. *Id.* The plaintiff further alleged that the

9

defendant, through its employees and agents, breached its duty to provide proper medical care to the plaintiff. *Id.* The court concluded that comingling both theories in one claim was improper as each claim required proof of distinct elements. *Id.*; *see also Sexton v. Carnival Corp.*, 2018 WL 3405246, at *2 (S.D. Fla. July 12, 2018) (dismissing claim for vicarious liability because the complaint alleged elements of direct negligence).

Here, Defendant points out two instances where Plaintiff purportedly conflates theories of general negligence and vicarious liability. First, within Plaintiff's factual allegations, she asserts that Defendant's crew members/employees, while acting within the course and scope of their employment, "allowed water on the floor in the area where the incident occurred" and "knew the floor in the area of the incident was wet[.]" ECF No. [1] at ¶¶ 26-27. Plaintiff further alleges that when she sought medical attention on the ship, the ship's medical staff, acting within the course and scope of their employment, rendered medical treatment to Plaintiff, and informed her that her wrist was not broken. *Id.* at ¶ 35. Thereafter, in Plaintiff's claim for direct negligence, she realleges and incorporates these factual allegations. *Id.* at ¶ 56. Defendant contends that because Plaintiff adopts these allegations, Plaintiff has alleged elements of vicarious liability within her direct negligence claim. However, Defendant's contention is insufficient to warrant dismissal.

As mentioned, "notice is the touchstone of the Eleventh Circuit's shotgun pleading framework." *Doe v. Carnival Corp.*, 470 F. Supp. 3d 1317, 1323 (S.D. Fla. 2020) (quoting *Cont'l 332 Fund, LLC v. Albarelli*, 317 F. Supp. 3d 1124, 1139 (M.D. Fla. 2018)). In *Wohlford*, the plaintiff specifically alleged elements of direct and vicarious liability within the same count, which interfered with the defendant's understanding of what the plaintiff's claim was. *See* 2017 WL 7731225, at *3. Here, in contrast, Plaintiff merely realleges factual allegations relevant to the subject incident. ECF No. [1] at ¶ 56. "Even if a complaint references previously asserted facts in

10

each count, 'that does not necessarily make it a shotgun pleading.'" *Broberg v. Carnival Corp.*, 303 F. Supp. 3d 1313, 1319 (S.D. Fla. 2017) (quoting *Martins v. Royal Caribbean Cruises, Ltd.*, 174 F. Supp. 1345, 1358 (S.D. Fla. 2016)). Therefore, referencing the previously asserted facts does not interfere with Defendant's notice of Plaintiff's vicarious liability claim.

Nevertheless, the second instance presented by Defendant does conflate elements of vicarious and direct liability. In Plaintiff's claim for vicarious liability, Plaintiff alleges that "Defendant owed a duty to exercise reasonable care under the circumstances for the health, safety, and welfare of its fare-paying passengers, including Plaintiff."). ECF No. [1] at ¶ 52. Further, Plaintiff contends that "[a]s a direct and proximate result of Defendant's negligence," Plaintiff suffered injuries. ECF No. [1] at ¶¶ 54, 55. Similarly, in Plaintiff's direct negligence claim, Plaintiff alleges that "[a]ll or some of the above acts and/omissions by Defendant, its agents, employees and/or crew members, directly caused and/or caused or contributed to the Plaintiff being severely injured." *Id.* at ¶ 60.

"Under a theory of vicarious liability, the duty and conduct of the Defendant, the shipowner, are not relevant. . . . '[A]n otherwise non-faulty employer [can] be held liable for the negligent acts of [an] employee acting within the scope of employment.'" *Smith v. Carnival Corp. & PLC*, 2022 WL 16791783, at *4 (S.D. Fla. Nov. 8, 2022) (quoting *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022)). Thus, here, like the complaint in *Wohlford*, Plaintiff improperly alleges Defendant's duty, as well as its misconduct, rather than the duty and conduct of Defendant's employees in her vicarious liability claim. *See* ECF No. [1] at ¶ 52, 54, 55. Likewise, Plaintiff's allegations in her direct negligence claim regarding the fault of Defendant's employees are irrelevant to this claim. *Id.* at ¶ 60. Rather than realleging factual allegations, as was considered above, Plaintiff misstates and conflates theories of direct and vicarious liability. This

comingling is "improper, confusing and violates Rule 10(b)." *Wohlford*, 2017 WL 7731225, at *3.[2] Accordingly, for the reasons detailed above, the Court dismisses the Complaint as a shotgun pleading.

### B. Direct Negligence Claim – Actual or Constructive Notice

Although the Court dismisses the Complaint as a shotgun pleading, the Court addresses the Parties' arguments on notice. Defendant argues that Plaintiff fails to allege with sufficient particularity that Defendant had actual or constructive notice of the risk creating condition. ECF No. [8] at 11-13. Plaintiff responds that she properly alleged notice, and the cases presented by Defendant are distinguishable. ECF No. [17] at 6-8. Defendant replies that the allegations Plaintiff relies upon are vague, conclusory, and lack sufficient factual support. ECF No. [20] at 6.

"Actual notice exists when the defendant knows about the dangerous condition. . . . Constructive notice exists where 'the shipowner ought to have known of the peril to its passengers, the hazard having been present for a period of time so lengthy as to invite corrective measures.'" *Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022) (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)). A plaintiff can also establish constructive notice by alleging "substantially similar incidents in which 'conditions substantially similar to the occurrence in question must have caused the prior accident.'" *Guevara v. NCL (Bahamas) Ltd.*,

---

[2] Notably, comingling renders Plaintiff's claims substantively deficient as well. To establish vicarious liability, Plaintiff must specifically identify how Defendant's employees breached a duty and how that breach of duty caused Plaintiff's injury. *See Smith*, 2022 WL 167917183, at *4. However, Plaintiff alleges that *Defendant* owed a duty and was the actual and proximate cause of Plaintiff's injury. ECF No. [1] at ¶¶ 52, 54, 55. Moreover, in the direct negligence claim, Plaintiff fails to allege that Defendant caused her injury. *Id.* at ¶ 60. Thus, Plaintiff fails to allege material elements. Any amended complaint must delineate between Defendant's direct negligence and its employees' negligence, and include only the relevant elements for each. *See Anders*, 2023 WL 4252426, at *5.

920 F.3d 710, 720 (11th Cir. 2019) (quoting *Jones v. Elevator Co.*, 861 F.2d 655, 661-62 (11th Cir. 1988)).

"Evidence that a ship owner has taken corrective action can establish notice of a dangerous or defective condition." *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1265 (11th Cir. 2020). In her Complaint, Plaintiff cites to *Carroll* to allege that Defendant knew or should have known about the dangerous condition because Defendant had in place policies and procedures regarding "clean and dry walking surfaces on its vessel," "the placement of warning signs (wet floor signs) in wet areas," and "the placement of blocking off and/or restricting passenger access to areas with a dangerous condition[.]" ECF No. [1] at ¶¶ 44-46. Defendant contends that these policies and procedures indicate knowledge that wet flooring could be hazardous, not that the area where Plaintiff slipped was known to be a hazard. ECF No. [20] at 6-7.

Plaintiff compares this case to *Anders*, where the court found that the plaintiff sufficiently alleged actual notice. 2023 WL 4252426, at *6. There, the plaintiff was injured on a cruise ship after a passenger crashed into her while coming down a water slide. *Id.* at *1. To allege notice, the plaintiff stated that the defendant stationed a crew member at the top of the slide to ensure that the type of accident the plaintiff suffered did not occur. *Id.* The court concluded it was reasonable to infer that because the defendant posted an employee at the top of the slide, the defendant knew someone going down the slide too quickly posed a danger. *Id.*; *see also Guevara*, 920 F.3d at 720-22 (concluding that a warning sign near a step allowed for the inference that the defendant "had actual or constructive knowledge that the step down could be deceiving, and therefore dangerous, to cruise passengers").

Similarly, as alleged in the Complaint, Plaintiff observed a crew member with a mop near the area she slipped and fell. ECF No. [1] at ¶ 23. Drawing all reasonable inferences in favor of

13

Plaintiff, it is plausible that Defendant posted a crew member in the area with a mop to clean the liquid on the floor because Defendant knew someone slipping on the liquid posed a danger and took steps to prevent such harm.

Defendant's argument to the contrary is unavailing. Defendant focuses on Plaintiff's allegations of prior incidents and Defendant's installation of the flooring to argue that Plaintiff fails to establish notice. ECF No. [8] at 11. It may be true that, on their own, Plaintiff's general allegations of Defendant's policies, prior similar incidents, and Defendant's maintenance of the floor, are insufficient to allege Defendant's constructive notice. *See Holland*, 50 F.4th at 1096; *Newbauer v. Carnival Corp.*, 26 F.4th 931, 935-36 (11th Cir. 2022). However, Plaintiff does not solely attempt to establish constructive notice and need not establish both forms of notice. Rather, Plaintiff's allegations of Defendant's actual notice of the hazard because of the corrective measure in place, i.e., the crewmember with the mop near the area of the incident, suffices. *See* ECF No. [1] at ¶¶ 23, 44; *see Carroll*, 955 F.3d 1260 at 1263; *Anders*, 2023 WL 4252426, at *6 (concluding that alleging actual notice was sufficient to establish the defendant's notice). Therefore, Plaintiff has plausibly alleged Defendant's actual notice.

### C. Futility of Amendment

Plaintiff requests leave to amend the Complaint should Defendant's Motion be granted. ECF No. [17] at 8. Leave to amend should be "freely given" absent a showing of "futility of amendment." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiff has alleged sufficient factual allegations to establish Defendant's notice of the hazardous condition. As discussed throughout, it is Plaintiff's pleading structure that is deficient and any amendment is not futile. Accordingly, leave to amend Plaintiff's Complaint is warranted.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion**, ECF No. [8]**, is **GRANTED.**

2. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff may file an amended complaint **on or before November 22, 2024**. The failure to file an amended complaint or show cause by November 22, 2024, will result in dismissal of this case without prejudice and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 7, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record